IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

|  |  |  |
|---|---|---|
| ASSOCIATION OF CLUB EXECUTIVES OF DALLAS, INC., a Texas non-profit corporation; NICK'S MAINSTAGE, INC- DALLAS PT's., dba PT's Mens Club; FINE DINING CLUB, INC., a Texas corporation doing business as Silver City; 11000 REEDER, LLC, a Texas limited liability company dba Bucks Wild; TMCD CORPORATION, a Texas corporation dba The Men's Club of Dallas; AVM-AUS, LTD., a Texas limited partnership, dba New Fine Arts Shiloh, | § § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. <br><br> VERIFIED COMPLAINT FOR DECLARATORY JUDGMENT, TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, PERMANENT INJUNCTION, AND ATTORNEY'S FEES |
| Plaintiffs, |  |  |
| vs. |  |  |
| CITY OF DALLAS, TEXAS, |  |  |
| Defendant |  |  |

## JURISDICTION AND VENUE

1.      This is a civil action arising under the Constitution and the laws of the United States, and

jurisdiction is conferred upon this Court by 28 U.S.C. §1331. Jurisdiction is also conferred upon

this Court by 28 U.S.C. §1343(a)(3) and (4), 28 U.S.C. §§2201 and 2202 and 42 U.S.C. §§1983

and 1988, this being an action for declaratory judgment and equitable relief authorized by law to

redress deprivations under color of law of rights, privileges and immunities secured by the

Constitution of the United States.

---

VERIFIED COMPLAINT                                                                                          Page 1

2.      Venue in this judicial district is conferred by 28 U.S.C. §1391(b) because the events

giving rise to Plaintiffs' claims took place in this judicial district.

3.      At all times pertinent to this Complaint, and in taking all of the actions described in this

Complaint, Defendant, its officers, agents and employees, acted under color of law and were

effecting, and will effect, the custom, policy and laws of the City of Dallas.

PARTIES

4.      Plaintiff Association of Club Executives of Dallas, Inc., ("ACE") is a not-for-profit

corporation organized under the laws of the Texas, whose principal place of business is Dallas,

Texas.

5.      Plaintiff Nick's Mainstage, Inc.-Dallas PT's", dba PT's Mens Club ("PT's") is a Texas

corporation that does business in the city of Dallas, Texas.

6.      Plaintiff "Fine Dining Club, Inc.," dba Silver City ("Silver City") is a Texas corporation

that does business in the City of Dallas, Texas.

7.      Plaintiff TMCD Corporation, dba The Men's Club of Dallas  ("Men's Club of Dallas") is

a Texas corporation that does business in the City of Dallas, Texas.

8.      Plaintiff 11000 Reeder, LLC, dba Bucks Wild ("Buck's Wild") is a Texas limited liability

company that does business in the City of Dallas, Texas.

9.      Plaintiff AVM-AUS, Ltd., dba New Fine Arts Shiloh ("New Fine Arts Shiloh") is a

limited partnership organized and existing under the laws of Texas, that does business in the City

of Dallas, Texas.

10.     Defendant City of Dallas, Texas is a municipal corporation organized and existing under

---

the constitution and laws of the state of Texas.

FACTS GIVING RISE TO PLAINTIFFS' CLAIMS

Background

11.     This action challenges an Ordinance adopted by the Dallas City Council on January 26,

2022, ("the Ordinance") which amended Chapter 41A of the Codified Ordinances of the City of

Dallas to, *inter alia*, require businesses subject to that chapter's provisions to close between the

hours of 2:00 a.m. and 6:00 a.m. each day. A copy of the Ordinance is attached as Exhibit A.

12.     Chapter 41A of the City of Dallas's Code of Ordinances governs "sexually oriented

businesses," which are defined, in relevant part, in Section 41A-2(31) as "an adult arcade, adult

bookstore or adult video store, [and] adult cabaret." Each of those types of businesses are

separately defined in that same section.

13.     Section 41A-2(2) defines an "Adult Arcade" as "any place to which the public is

permitted or invited wherein coin-operated or slug-operated or electronically, electrically, or

mechanically controlled still or motion picture machines, projectors, or other image-producing

devices are maintained to show images to five or fewer persons per machine at any one time, and

where the images so displayed are distinguished or characterized by the depicting or describing

of 'specified sexual activities' or "'specified anatomical areas.'"

14.     Section 41A-2(3) defines an "Adult Bookstore or Adult Video Store," in pertinent part, as

"a commercial establishment that as one of its principal business purposes offers for sale or

rental for any form of consideration any one or more of the following: (A) books, magazines,

periodicals or other printed matter, or photographs, films, motion pictures, DVD's, video

---

VERIFIED COMPLAINT                                                                    Page 3

cassettes or video reproductions, slides, or other visual representations, that depict or describe

"specified sexual activities" or "specified anatomical areas."

15.     Section 41A-2(4) defines an "adult cabaret" as a "commercial establishment that

regularly features the offering to customers of adult cabaret entertainment."

16.     "Adult cabaret entertainment" is a term of art under the section as is defined in Section

41A-2(5) as "live entertainment that: (A) is intended to provide sexual stimulation or sexual

gratification; and (B) is distinguished by or characterized by an emphasis on matter depicting,

simulating, describing, or relating to "specified anatomical areas" or "specified sexual activities."

17.     Section 41A-2(8) defines an "Adult Motion Picture Theater" as "a commercial

establishment where, for any form of consideration, films, motion pictures, video cassettes,

slides, or similar photographic reproductions are regularly shown that are characterized by the

depiction or description of "specified sexual activities" or "specified anatomical areas."

18.     "Specified anatomical areas," is a term of art and is defined in Section 41A-2(3) as "as

any of the following, or any combination of the following, when less than completely and

opaquely covered:(i) any human genitals, pubic region, or pubic hair;(ii) any buttock; or (iii)

any portion of the female breast or breasts that is situated below a point immediately above the

top of the areola; or (B) human male genitals in a discernibly erect state, even if completely and

opaquely covered."

19.     "Specified sexual activities" is also a term of art and is defined in Section 41A-2(34) as

including "any of the following:(A) the fondling or other erotic touching of human genitals,

pubic region, buttocks, anus, or female breasts; (B) sex acts, normal or perverted, actual or

---

simulated, including intercourse, oral copulation, or sodomy; (C) masturbation, actual or simulated; or (D) excretory functions as part of or in connection with any of the activities set forth in Paragraphs (A) through (C) of this subsection."

20.     Chapter 41A imposes a number of regulatory obligations on the businesses governed by it. Among them, it requires sexually oriented businesses in the City to obtain annual licenses from the Chief of Police.

21.     Chapter 41A also sets forth a number of operational requirements for sexually oriented businesses governed by its terms, the violation of which can lead to a license suspension by the Chief of Police for up to 30 days, a revocation of the license, as well as criminal penalties.

22.     One such example is found in Section 41A-7.1, which requires sexually oriented businesses to maintain on the premises an registration card or file that "completely identifies all employees." The registration card or file must contain, for each employee, their legal name, aliases and stage names, date of birth, race and gender, hair color, eye color, height and weight. The registration card or file must also contain the employee's residence address and phone number, and for "designated operators" and for "adult cabaret entertainers," and must list their residence addresses for the previous twelve months. In addition, that section also requires that the file or registration card contain a copy of a valid driver's license or government- issued identification card that has the employee's date of birth and photograph. *Id.*

23.     The records maintained by the sexually oriented business must also list the date on which the employee first began his or her employment or contractual relationship with the businesses, as well as a full-face color photograph of the employee. *Id.*

---

VERIFIED COMPLAINT                                                                    Page 5

24.     Another is found in Section 41A-20.1(a)(2) and (3), which makes it an offense for any

sexually oriented business, or any employee of a sexually oriented business to knowingly employ

contract with or engage or allow a minor to perform adult cabaret entertainment or to employ a

minor in a sexually oriented business, and 41A-20.1(c)(2) and (3), which makes it an offense for

an employee to knowingly employ, contract with, or engage or allow a minor to perform adult

cabaret entertainment or to employ a minor in a sexually oriented business.

25.     Section 41A-21 provides that a violation of any act forbidden by Chapter 41A, or failing

to perform a required act required by Chapter 41A is punishable as provided by Section

243.010(b) of the Texas Local Government Code. That section provides that a violation is a

Class A misdemeanor and subjects a violator to a fine of up to $4,000.00 and up to a year of

confinement in the County Jail.

The Plaintiffs

26.     ACE is a trade association whose members include adult bookstores, adult arcades, and

adult cabarets that are located in the City of Dallas. All of its members sell or present

constitutionally protected expression. Some of the adult cabarets comprising its members have

liquor licenses issued by the Texas Alcoholic Beverage Commission and some do not. Some of

ACE's members that operate adult cabarets remain open well past 2:00 a.m on some or all of the

days of the week– some stay open until 4:00 a.m., some until 5:00 a..m, and some until 6:00 a.m.

Indeed, ACE has members that provide adult oriented entertainment almost exclusively between

the hours of 2:00 a.m. and 6:00 a.m. ACE members also operate adult bookstore and adult

arcades that are open 24 hours a day.  Among ACE's objectives are the promotion and protection

of the rights of its members, and in furtherance of those objectives, it brings this action on behalf
of its members who maintain late night hours and remain open after 2:00 a.m. on some or all
days of the week.

27.     Plaintiff PT's is an adult cabaret as defined in Chapter 41A of the Dallas Codified
Ordinances. It is also a member of ACE. The business known as PT's opened nearly 40 years ago
and has, under various ownership and locations, presented constitutionally protected erotic dance
performances to its patrons. PT's holds a sexually oriented business license issued by the City of
Dallas, and operates as a BYOB establishment at which it presents performances to its patrons
during the course of which the performers appear in a state of nudity.

28.     Silver City is an adult cabaret as defined in Chapter 41A of the Dallas Codified
Ordinances and has been in business for more than 20 years. It is also a member of ACE.  It
holds, and has held for many years, a sexually oriented business license issued by the City of
Dallas. It also holds a mixed beverage permit from the Texas Alcoholic Beverage Commission
authorizing it to sell alcoholic beverages to its patrons. Silver City presents constitutionally
protected erotic dance performances to its patrons during the course of which the entertainers
appear topless.

29.     The Men's Club of Dallas is an adult cabaret as defined in Chapter 41A of the Dallas
Codified Ordinances, and has been in business for 30 years. It is a member of ACE. It holds, and
has held for many years, a sexually oriented business license issued by the City of Dallas, and
also holds a mixed beverage license from the Texas Alcoholic Beverage Commission authorizing
it to sell alcoholic beverages to its patrons. The Men's Club of Dallas presents constitutionally

protected erotic dance performances to its patrons during the course of which the entertainers appear topless.

30.     Bucks Wild is an adult cabaret as defined in Chapter 41A of the Dallas Codified Ordinances, and is a member of ACE. It holds, and has held for many years, a sexually oriented business license issued by the City of Dallas. Bucks Wild operates as a BYOB establishment and presents constitutionally protected erotic dance performances to its patrons during the course of which the entertainers appear nude.

31.     Plaintiff New Fine Arts Shiloh is an adult bookstore and video store and arcade as defined in Chapter 41A of the Dallas Codified Ordinances, and has been in business since the 1960s. It is a member of ACE. It holds and has held, a sexually oriented business and arcade license issued by the City of Dallas. It sells constitutionally protected sexually oriented books, magazines, and other expressive media to its patrons. In addition, it provides its patrons with the opportunity to view expressive media in its adult arcade. It does not permit the consumption of alcohol on its premises.

<u>The Ordinance and Its Effects</u>

32.     On January 26, 2022, the Dallas City Council adopted the Ordinance, which amends Chapter 41A in ways that suppress and restrain the dissemination and presentation of constitutionally protected expression and impose a prior restraint.

33.     More specifically, Section 2 of the Ordinance creates a new section 41A-14.3, which requires sexually oriented businesses to close each day between the hours of 2:00 a.m. and 6:00 a.m.

34.     The Ordinance is a content-based restriction that curtails the sale and presentation of sexually oriented expression. Businesses that do not disseminate adult media or entertainment, such as fast food and other restaurants, gas stations, drug stores, grocery stores, retail outlets that do not qualify as adult bookstores, non-adult nightclubs, and other enterprises are not burdened by the Ordinance's restrictions on the hours they are allowed to operate. Many of these other types of businesses do, in fact, operate during the hours the Ordinance requires Plaintiffs to be closed.

35.     As a result of the restrictions imposed by the Ordinance, the members of ACE and each of the named Plaintiffs will be irreparably harmed by not being allowed to operate between the hours of 2:00 am and 6:00 a.m.: They will lose a significant number of employees and entertainers; they will lose the goodwill they have built up over their decades of operation; and, a great number of their customers will be deprived of the constitutionally protected expression they disseminate in a legal setting.

36.     Specifically, PT's is open from 11:00 a.m. until 2:00 a.m. on Monday through Wednesday, and on Thursdays through Sundays, it is open until 4:00 a.m. A substantial number of its patrons attend the club, and a significant portion of its revenue is earned, after 2:00 a.m. on Thursdays through Sundays.

37.     Silver City operates from 11:00 a.m. to 2:00 a.m., on Sunday through Thursday, and is open from 11:00 a.m. to 4:00 a.m. on Fridays and Saturdays. On the weekends, when it is open and engaged in the presentation of constitutionally protected expression after 2:00 a.m., a substantial number of its patrons attend the club, and a significant portion of its revenue is earned

VERIFIED COMPLAINT                                                                                    Page 9

after that time.

38.      Bucks Wild is open and engaged in the presentation of constitutionally protected

expression to its patrons Monday through Thursday from 11:00 a.m. until 4:00 a.m., until 5:00

a.m. on Friday, and until 6:00 a.m. on Saturday. On Sunday, it opens at noon and remains open

until 4:00 a.m. A substantial number of its patrons attend the club, and a significant portion of its

revenue is earned after 2:00 a.m.

39.      The Men's Club of Dallas regularly operates after 2:00 a.m., and in particular, is open

from 11:00 a.m. to 4:00 a.m. on Fridays into Saturday morning, and from 6:00 p.m. until 4:00

a.m on Saturday evening into Sunday morning. It may also remain open after 2:00 a.m. from

time-to-time on other days.  When it is open and engaged in the presentation of constitutionally

protected expression after 2:00 a.m.,  a substantial number of its patrons attend the club, and a

significant portion of its revenue is earned after that time.

40.      New Fine Arts is currently open 24 hours each day. A significant number of its patrons

shop after 2:00 a.m. and view sexually oriented media in its arcade after 2:00 a.m. A large

portion of its revenue is earned after that time.

41.      The changes brought about by forcing the Plaintiffs and ACE's members to close

between 2:00 a.m. and 6:00 a.m. will have a draconian effect on them. The compelled closure of

ACE's members' and the named Plaintiffs' businesses will result in the complete loss of their

First and Fourteenth Amendment rights to sell and present constitutionally protected media and

performances during those hours, which all of the Plaintiffs have heretofore exercised.

42.      In addition to the loss and deprivation of their constitutional rights, other effects will flow

---

from the substantial curtailment of the hours that they may be open. More particularly, as a direct and proximate result of the forced closure of the Plaintiffs' businesses, a substantial number of adult citizens will no longer be able to purchase, view and avail themselves of the constitutionally protected expression that the Plaintiffs sell and disseminate. That is particularly true with respect to adults in the City of Dallas who are "late" millennials and members of "Gen Z," i.e. those born in the 1990s and after, who often do not begin their evenings out until after 11:00 p.m. and stay out well after 2:00 a.m., and for service industry employees who work until 1:00 a.m. or 2:00 a.m., and go out for entertainment after their work shift ends

43.     The curtailment of hours will also detrimentally effect the Plaintiffs' businesses, and their employees and contractors as well. Compelling the Plaintiffs to close between 2:00 and 6:00 a.m., when a large number of patrons are arriving at and patronizing their establishments, will result in a substantial loss of revenue.

44.     The loss of revenue that the Plaintiffs will incur will have a downstream effect, and will cause an attendant reduction in the number of employees the business can afford to continue to employ. Stated differently, employees will lose their jobs because the businesses will no longer afford to retain them.

45.     Entertainers and contractors in adult cabarets who rely on their ability to perform during the early morning hours to support themselves and their families, will be affected as well. In addition to the loss of their opportunity to engage in constitutionally protected expression, they will lose their livelihoods.

46.     The Ordinance also imposes other restrictions. Section 5 of the Ordinance amends

VERIFIED COMPLAINT                                                                    Page 11

Section 41A-20.1(b)(2) and (3) and (c)(2) and (3) by making it unlawful for a licensee or an employee to knowingly employ, contract with, or engage or allow anyone under the age of 21 to perform adult cabaret entertainment, or to employ anyone under the age of 21 in a sexually oriented business.

## COUNT I

47.     Plaintiffs incorporate paragraphs 1 through 46 of their complaint as though fully re-written.

48.     The Ordinance is unconstitutional under the First and Fourteenth Amendments, both on its face and as applied, for each of the following reasons:

     a.     it imposes an unconstitutional prior restraint on expression during the hours of 2:00 a.m. to 6:00 a.m.;

     b.     it is an unconstitutional content-based restriction of protected expression;

     c.     it does not further any governmental interest, compelling, substantial or otherwise, and thus, is unconstitutional under either strict or intermediate scrutiny;

     d.     it is not the least restrictive means, nor is it narrowly tailored, to further any governmental interest, and thus, is unconstitutional under either strict or intermediate scrutiny;

     e.     it was adopted without valid empirical information to support it;

     f.     the data and information on which the City relied to support the Ordinance was invalid, flawed in several respects, and shoddy, and does not support or justify the Ordinance either under strict scrutiny or intermediate scrutiny;

     g.     it is unconstitutionally overbroad;

     h.     it deprives Plaintiffs' patrons of their First and Fourteenth Amendment rights to receive protected expression;

     i.     it impairs the constitutional right to associate and to freely contract;

j. it deprives Plaintiffs of the equal protection of the law.

49. Plaintiffs are therefore entitled to a declaration that the Ordinance is unconstitutional under the First and Fourteenth Amendments to the United States Constitution, both on its face and as applied.

COUNT II

50. Plaintiffs incorporate paragraphs 1 through 49 of their complaint as if fully rewritten.

51. By reason of the adoption and threatened enforcement of the Ordinance,  the Defendant has deprived and will deprive in the future Plaintiffs of their rights secured by the First and Fourteenth Amendments to the Constitution to engage in protected expressive activity, to be free from prior restraint, and to be free of overbroad, irrational, arbitrary and capricious laws, all of which has caused and threatens to cause in the future, irreparable harm to Plaintiffs for which there is no adequate remedy at law.

52. By reason of the threat of enforcement of the Ordinance, and the irreparable harm Plaintiffs will suffer, Plaintiffs are entitled to a temporary restraining order, preliminary injunction and, after final hearing, a permanent injunction demanded hereunder.

 WHEREFORE, Plaintiffs demand the following relief:

 Upon Count I of their complaint, a declaration that the Ordinance is unconstitutional on its face and as applied under the First and Fourteenth Amendments to the United States Constitution; and,

 Upon Count II of their complaint, a temporary restraining order, preliminary injunction, and after final hearing, a permanent injunction restraining and enjoining the Defendant, its

---

officers, agents, servants, attorneys and all persons in active concert or participation with them

who receive actual notice of the injunction by personal service or otherwise, from enforcing the

Ordinance against Plaintiffs; and,

Upon all counts of their complaint, any other relief to which Plaintiffs may be entitled,

whether legal or equitable, including their reasonable attorneys' fees.

SHEILS WINNUBST
A Professional corporation

By:    /s/ Roger Albright
Roger Albright
State Bar No. 00974580)
T.Craig Sheils
State Bar No. 18187350
1701 N. Collins Boulevard, Suite 1100
Richardson, Texas 75080
Telephone: (972) 644-8181
Facsimile: (972) 644-8180
roger@sheilswinnubst.com
craig@sheilswinnubst.com

/s/ J. Michael Murray
J. MICHAEL MURRAY
(Ohio Bar No. 0019626)
jmmurray@bgmdlaw.com
BERKMAN, GORDON, MURRAY &
DeVAN
55 Public Square, Suite 2200
Cleveland, Ohio 44113-1949
(216) 781-5245
(216) 781-8207 (Facsimile)

Counsel for Plaintiffs

## VERIFICATION

David Fairchild, President of Association of Club Executives of Dallas, Inc., pursuant to

28 U.S.C. §1746, states under penalty of perjury that he has read the foregoing Verified

Complaint and that the allegations relating to it are true and correct, as he verily believes.

January 26, 2022
Date

David Fairchild

## VERIFICATION

David Fairchild, President of TCMD Corporation, pursuant to 28 U.S.C. §1746, states

under penalty of perjury that he has read the foregoing Verified Complaint and that the

allegations relating to it are true and correct, as he verily believes.

January 26, 2022
Date                                    David Fairchild

---

VERIFIED COMPLAINT                                              Page 16

## VERIFICATION

Nick Mehmeti, President of Nick's Mainstage, Inc., pursuant to 28 U.S.C. §1746, states

under penalty of perjury that he has read the foregoing Verified Complaint and that the

allegations relating to it are true and correct, as he verily believes.

January 26, 2022
Date

Nick Mehmeti

## VERIFICATION

Eric Langan, President of Fine Dining Club, Inc., pursuant to 28 U.S.C. §1746, states under penalty of perjury that he has read the foregoing Verified Complaint and that the allegations relating to it are true and correct, as he verily believes.

January 26, 2022
Date

Eric Langan

## VERIFICATION

Curtis Wise, the sole member of 11000 Reeder LLC, pursuant to 28 U.S.C. §1746, states

under penalty of perjury that he has read the foregoing Verified Complaint and that the

allegations relating to it are true and correct, as he verily believes.

January 26, 2022
Date

Curtis Wise

## VERIFICATION

Paul Radnitz, the authorized agent of AVM-AUS, Ltd., pursuant to 28 U.S.C. §1746, states under penalty of perjury that he has read the foregoing Verified Complaint and that the allegations relating to it are true and correct, as he verily believes.

January 26, 2022
Date

Paul Radnitz

**DRAFT ORDINANCE – FOR DISCUSSION PURPOSES ONLY.**

1-11-22

ORDINANCE NO. _____

An ordinance amending Chapter 41A, "Sexually Oriented Businesses," of the Dallas City Code by amending Sections 41A-9, 41A-16, 41A-17, and 41A-20.1 and adding a new Section 41A-14.3; prohibiting a sexually oriented business from employing or contracting with a person who is under the age of 21; providing that sexually oriented businesses may not operate between 2:00 a.m. and 6:00 a.m. each day; providing that a sexually oriented business license shall be suspended for a period not to exceed 30 days for a violation of the hours of operation; providing a penalty not to exceed $4,000 and confinement in jail not to exceed one year; providing a saving clause; providing a severability clause; and providing an effective date.

WHEREAS, the 87th Texas Legislature met in regular session between January 12, 2021 and May 31, 2021; and

WHEREAS, S.B. 315 was filed on January 11, 2021; and

WHEREAS, S.B. 315 prohibits a sexually oriented business from employing or contracting with a person who is under the age of 21; and

WHEREAS, S.B. 315 was approved by both chambers of the Texas Legislature; and

WHEREAS, S.B. 315 was signed by Governor Greg Abbott on May 24, 2021 and took effect immediately; and

WHEREAS, the Dallas Police Department created the northwest club taskforce in March 2021 due to multiple shootings and other violent crimes occurring at or near sexually oriented businesses; and

WHEREAS, crime data shows a significant increase in violent crime and drug and gun arrests at or near sexually oriented businesses between the hours of 2:00 a.m. and 6:00 a.m.; and

EXHIBIT A

**DRAFT ORDINANCE – FOR DISCUSSION PURPOSES ONLY.**

WHEREAS, Dallas Fire-Rescue Department data shows a significant increase in the number of calls for service at sexually oriented businesses between the hours of 2:00 a.m. and 6:00 a.m.; and

WHEREAS, a 2012 research study by McCord and Tewksbery analysing sexually oriented businesses in Louisville, Kentucky showed that there were higher rates of all types of criminal offenses in the immediate vicinity of sexually oriented businesses and that the effects of sexually oriented businesses significantly impact the local community; and

WHEREAS, a 2008 study by McCleary showed that when a sexually oriented business opens on an interstate highway offramp in a rural community, total crime rises by 60 percent; and

WHEREAS, a 2012 study by Weinstein and McCleary showed that sexually oriented businesses are associated with a higher incidence of crime regardless of the business's location; and

WHEREAS, the cities of Beaumont, Texas and Amarillo, Texas produced a report showing that sexually oriented businesses: (1) promote prostitution, drug use, and other criminal activity; (2) have a deleterious effect on existing businesses and the surrounding residential areas adjacent to them, and (3) increase crime, and that there is a positive correlation between the hours of operation of a sexually oriented business and higher crime rates; and

WHEREAS, based upon this data the Dallas City Council finds that the operation of sexually oriented businesses between the hours of 2:00 a.m. and 6:00 a.m. is detrimental to the public health, safety, and general welfare; and

WHEREAS, the city council wishes to reduce crime and conserve police and fire-rescue resources by requiring sexually oriented businesses to be closed for business between the hours of 2:00 a.m. and 6:00 a.m.; Now, Therefore,

BE IT ORDAINED BY THE CITY COUNCIL OF THE CITY OF DALLAS:

SECTION 1.  That Section 41A-9, "Suspension," of Chapter 41A, "Sexually Oriented Businesses," of the Dallas City Code is amended to read as follows:

EXHIBIT A

**DRAFT ORDINANCE – FOR DISCUSSION PURPOSES ONLY.**

**"SEC. 41A-9.          SUSPENSION.**

The chief of police shall suspend a license for a period not to exceed 30 days if the chief of police determines that a licensee, an operator, or an employee has:

(1)     violated or is not in compliance with Section 41A-4(h), 41A-7, 41A-7.1, 41A-13, 41A-14.1, 41A-14.2, 41A-14.3, 41A-15, 41A-16, 41A-17, 41A-18, 41A-18.1, 41A-19, or 41A-20 of this chapter;

(2)     refused to allow an inspection of the sexually oriented business premises as authorized by this chapter; or

(3)     knowingly permitted gambling by any person on the sexually oriented business premises.

SECTION 2. That Chapter 41A, "Sexually Oriented Businesses," of the Dallas City Code is amended by adding a new Section 41A-14.3, "Hours of Operation," to read as follows:

**"SEC. 41A-14.3.          HOURS OF OPERATION.**

A sexually oriented business must be closed for business each day between the hours of 2:00 a.m. and 6:00 a.m."

SECTION 3. That Subsection (a) of Section 41A-16, "Additional Regulations for Nude Model Studios," of Chapter 41A, "Sexually Oriented Businesses," of the Dallas City Code is amended to read as follows:

"(a)     A person commits an offense if he knowingly allows a person under 21 years of age to appear in a state of nudity in or on the premises of a nude model studio. [Reserved.]"

SECTION 4. That Subsection (a) of Section 41A-17, "Additional Regulations for Adult Motion Picture Theaters," of Chapter 41A, "Sexually Oriented Businesses," of the Dallas City Code is amended to read as follows:

"(a)     A person commits an offense if he knowingly allows a person under 21 years of age [minor] to appear in a state of nudity in or on the premises of an adult motion picture theater."

SECTION 5. That Section 41A-20.1, "Prohibitions Against Minors In Sexually Oriented Businesses," of Chapter 41A, "Sexually Oriented Businesses," of the Dallas City Code is amended to read as follows:

Chapter 41A (sexually oriented businesses) – Page 3

EXHIBIT A

DRAFT ORDINANCE – FOR DISCUSSION PURPOSES ONLY.

"SEC. 41A-20.1.                    PROHIBITIONS AGAINST MINORS IN SEXUALLY
                                   ORIENTED BUSINESSES.

    (a)    A licensee or operator commits an offense if he knowingly:

        (1)    allows a minor to enter the interior premises of a sexually oriented business;

        (2)    employs, contracts with, or otherwise engages or allows a <u>person under 21 years of age</u> [minor] to perform adult cabaret entertainment; or

        (3)    employs a <u>person under 21 years of age</u> [minor] in a sexually oriented business.

    (b)    Knowledge on the part of the licensee or operator is presumed under Paragraph (2) or (3) of Subsection (a) if identification records were not kept in accordance with the requirements of Section 41A-7.1, and properly kept records would have informed the licensee or operator of the <u>person's</u> [minor's] age.

    (c)    An employee commits an offense if the employee knowingly:

        (1)    allows a minor to enter the interior premises of a sexually oriented business;

        (2)    employs, contracts with, or otherwise engages or allows a <u>person under 21 years of age</u> [minor] to perform adult cabaret entertainment; or

        (3)    employs a <u>person under 21 years of age</u> [minor] in a sexually oriented business.

    (d)    A minor commits an offense if the minor knowing enters the interior premises of a sexually oriented business."

    SECTION 6.  That a person violating a provision of this ordinance, upon conviction, is punishable by a fine not to exceed $4,000 and confinement in jail not to exceed one year.

    SECTION 7.  That Chapter 41A of the Dallas City Code shall remain in full force and effect, save and except as amended by this ordinance.

    SECTION 8.  That any act done or right vested or accrued, or any proceeding, suit, or prosecution had or commenced in any action before the amendment or repeal of any ordinance, or part thereof, shall not be affected or impaired by amendment or repeal of any ordinance, or part thereof, and shall be treated as still remaining in full force and effect for all intents and purposes as if the amended or repealed ordinance, or part thereof, had remained in force.

**DRAFT ORDINANCE – FOR DISCUSSION PURPOSES ONLY.**

SECTION 9. That the terms and provisions of this ordinance are severable and are governed by Section 1-4 of Chapter 1 of the Dallas City Code, as amended.

SECTION 10. That this ordinance shall take effect immediately from and after its passage and publication in accordance with the provisions of the Charter of the City of Dallas, and it is accordingly so ordained.

APPROVED AS TO FORM:

CHRISTOPHER J. CASO, City Attorney

By_____
    Assistant City Attorney

Passed_____

Chapter 41A (sexually oriented businesses) – Page 5

EXHIBIT A